UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH A. CASTRO,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>PATRICK COVELLO,<br><br>　　　　Respondent. | No. 2:22-cv-2005 CKD P<br><br><br>ORDER |

Petitioner is a state prisoner proceeding pro se with an amended petition for a writ of habeas corpus (ECF No. 7) pursuant to 28 U.S.C. § 2254.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971).

Here, petitioner alleges he has exhausted state court remedies with respect to some, but not all of his claims. The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

Petitioner has three options. First, he may file a second amended petition omitting any claims for which he has not exhausted state court remedies and the court will proceed on that

1

petition. Second, he may seek a stay under <u>Rhines v. Weber</u>, 544 U.S. 269 (2005) while he exhausts state court remedies. In order to obtain a stay under <u>Rhines</u>, petitioner must show (1) good cause for his failure to previously exhaust state court remedies, and (2) any unexhausted claim is potentially meritorious. <u>Rhines v. Weber</u>, 544 U.S. at 278. Third, petitioner may file a second amended petition omitting any unexhausted claims and request a stay of the petition pursuant to <u>Kelly v. Small</u>, 315 F.3d 1063 (9th Cir. 2002) until state court remedies have been exhausted as to all claims.

Petitioner is cautioned that if he chooses to proceed right now on a second amended petition raising only exhausted claims he will risk forfeiting consideration of the unexhausted claims in this or any other federal court. See <u>McCleskey v. Zant</u>, 499 U.S. 467 (1991); see also <u>Rose</u>, 455 U.S. at 520-21; Rule 9(b), Rules Governing Section 2254 Cases.

Petitioner is further cautioned that the habeas corpus statute imposes a one-year limitations period for filing non-capital habeas corpus petitions in federal court. In most cases, the one-year period will start to run on the date the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

In accordance with the above, IT IS HEREBY ORDERED that petitioner is granted 30 days to proceed in one of the three manners described above. Petitioner's failure to avail himself of any option within 30 days will result in a recommendation that his habeas petition be dismissed and this case be closed.

Dated: February 28, 2023

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
cast2005.103mix